# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 25, 1896.

PARK PRESBYTERIAN CHURCH

VS.

MARY L. FORREST.

*Messrs. Niles & Wolff* for plaintiff.

*Messrs. J. J. Alexander* and *Charles W. Nash* for defendant.

DENNIS, J.—

The defence set up by the answer that the agreement, the specific performance of which is asked in the bill, was made by Mrs. Forrest when she

was of unsound mind, and is, therefore, not to be enforced against her, cannot be sustained. For it is well settled in this State that the deed of a person *non compos mentis* is not void, but only voidable, and will not be set aside except at the suit of privies and by a direct proceeding for that purpose; and even then will not be set aside if it can be seen to have been a beneficial one to the lunatic.

Riley vs. Carter, 76 Md. 581.

Admitting that in a suit for specific performance, the answer will be treated as a cross-bill, and therefore a direct proceeding by the lunatic herself to avoid the agreement, yet the testimony clearly shows that the contract was a most beneficial one for the defendant, the property selling for considerably more than it would have brought but for the peculiar needs of the plaintiff.

But apart from all this, I have no doubt whatever that the defendant was fully competent mentally to execute the contract.

The objection that the notice of the plaintiff's acceptance, under the terms of the option, was invalid because it fixed no place at which the tender was to be made, I do not think valid in view of the circumstances of the case. The defendant is an aged lady, having no place of business outside of her residence. It was here that the agents and solicitor for the plaintiff had been accustomed to see her, in the several interviews had with her in regard to this transaction. The option did not require that the notice should specify any place at which payment was to be made; and under these circumstances it seems to me it must be clearly presumed that it was the intention of the parties that if a place was necessary to be fixed, the usual place where she did business and was to be found, to wit, her residence—must have been the place contemplated. It is not contended that she was not at home when the plaintiff appeared to make tender; on the contrary, I think there is enough in the evidence to show that she was at home at the time, but tender was deliberately evaded in pursuance of her acknowledged determination not to complete the contract or to have any further communication with the plaintiff. Under these circumstances—especially this deliberate determination to

avoid and refuse any tender that might have been made—it does not lie in her mouth to set up what is at the most a bald technicality (even if, in a proper case, it could be justified upon sound legal principles), to defeat a meritorious contract, when she alleges no injury from the failure of the plaintiff to specify expressly a place for the making tender, and where she admits that tender would still have been evaded even had the notice contained a designated place. This takes the case out of the ruling in Joy vs. Birch, 4 Cl. & Fin. 57, relied on by the solicitor for the defendant, and brings it within the principle laid down in Borden vs. Borden, 5 Gray 67. See also Smith vs. Smith, 25th Wend. 405.

I will sign a decree for specific performance.